IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.   12-209E |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 19 and 23).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 20 and 24).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 23) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 19).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act").   Plaintiff filed an application for benefits on February 28, 2006, alleging he had been disabled since December 1, 2004.   (ECF Nos. 17, pp. 106, 117).    The Appeals Counsel remanded the case after an initial decision denying Plaintiff's applications.   (ECF No. 17, pp. 339-341). On remand, a new Administrative Law Judge ("ALJ"), Douglas Cohen, held a supplemental hearing on July 1, 2010. (ECF No. 17, pp. 562-609).   On August 31, 2010, the ALJ found that Plaintiff was not disabled

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

under the Social Security Act. (ECF No. 17, pp. 43-55). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 19 and 23). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    RESIDUAL FUNCTIONAL CAPACITY ("RFC")**[2]

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 20, pp. 14-19). More specifically, Plaintiff argues that the ALJ erred in giving "significant weight" to the non-examining state agency psychologist, Dr. Dalton, while affording only "some

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The final responsibility for determining a claimant's RFC is reserved to the Commissioner, who will not give any special significance to the source of another opinion on this issue. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2).

weight" to portions of the opinions of examining psychologists, Dr. Kohn and Dr. Thompson. *Id.* To this end, Plaintiff submits that the ALJ erred in two ways: 1) "by crediting the opinion of a non-examining physician over that of examining physicians," and 2) because Dr. Dalton's opinion is not supported by the evidence. (ECF No. 20, pp. 16-17). Thus, Plaintiff submits that this case should be remanded. *Id.* at 17.

Contrary to Plaintiff's assertion, a examining physician does not get more weight over a non-examining consultant simply because of that fact. Rather, the amount of weight accorded to a physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010). Moreover, "[t]he law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Brown v. Astrue,* 649 F.3d 193, 197 n. 2 (3d Cir. 2011). State agent opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....") Based on the same, Plaintiff's first argument, that the ALJ erred simply by giving greater weight to a non-examining psychologist, has no merit.

With regard to Plaintiff's second argument, that Dr. Dalton's opinion is inconsistent with the medical evidence, I disagree. The ALJ gave the following opinions of Dr. Dalton significant weight: 1) "the claimant would experience difficulties in interacting with the public, supervisors, and coworkers," and 2) "the claimant would have mild difficulties in his activities of daily living, moderate difficulties in social functioning, and experienced one or two episodes of decompensation." (ECF No. 17, p. 53). A review of the record reveals that the ALJ's opinion is supported by substantial evidence. *See*, ECF No. 17, pp. 216-219, 227-236, 374-384. As a result, I find no error in this regard.

### C.     DEVELOPMENT OF THE RECORD

Next, Plaintiff submits that the ALJ erred by failing to recontact treating physician, Dr. Eberly, for an opinion of Plaintiff's limitations resulting from his mental impairments. (ECF No. 20, pp. 17-19). An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). To that end, an ALJ is required to recontact a medical source for clarification only "when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear….". SSR 96-5p (policy interpretation); *see also,* 20 C.F.R. §404.1512(e)(1). In this case, the records were complete and there is nothing ambiguous or unclear about Dr. Eberly's assessment or treatment records. (ECF No. 17, pp. 389-414, 417, 522-539). Based on the evidence of record, I find that the assessment and treatment records of Dr. Eberly were unambiguous such that, together with all of the evidence of record, the ALJ was able to make a disability determination. Therefore, the ALJ was not required to recontact Dr. Eberly. Consequently, I find no error in this regard.

### D.     CREDIBILITY DETERMINATION

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence. (ECF No. 20, pp. 19-20). To be clear, an ALJ is charged with the responsibility of

determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975).   The ALJ must consider "the entire case record" in determining the credibility of an individual's statement.   SSR 96-7p.   The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight."   *Id.*   I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.   *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Specifically, Plaintiff submits that the ALJ erred because he stated that "his case manager Howard Savoy testified that Plaintiff was much better when taking his medication" but that Mr. Savoy never made such comment.   (ECF No. 20, p 20).   I find no merit to this argument.   While Mr. Savoy did not state the exact words, this was the overall import of his testimony.   *See,* ECF No. 17, pp. 592, 595, 597.

Plaintiff further argues that ALJ erred in assessing Plaintiff's credibility because the ALJ "failed to consider Mr. Savoy's testimony that Plaintiff has difficulty walking from the car to the parking lot of his agency.   T593.   When he walks with Plaintiff, there have been times where they cannot walk more than a half block before turning back, and Plaintiff will often noticeably wince with pain when he steps on his left foot.   T 593-94."   (ECF No. 20, p. 20).   After a review of the record, I disagree with Plaintiff.   The ALJ specifically recognized this testimony when he stated that Mr. Savoy "further reported that the claimant had exhibited difficulties with walking and pain behavior (wincing)."   (ECF No. 17, p. 50).   Consequently, I find no merit to this argument.

## C.   HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT

The last argument by Plaintiff is that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 20, pp. 20-21). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Plaintiff submits that the hypothetical questions are incorrect based on the errors as argued above. (ECF No. 10, pp. 11-12). Since I have found no error above, I find no foundation for this argument.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY HARRIS,                          )
                                       )
              Plaintiff,               )
                                       )
        -vs-                           )        Civil Action No.  12-209E
                                       )
CAROLYN W. COLVIN,[3]                  )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
        Defendant.                     )

AMBROSE, Senior District Judge.


## ORDER OF COURT

THEREFORE, this 12th day of February, 2014, it is ordered that the decision of the ALJ is

affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 19) is denied and Defendant's

Motion for Summary Judgment (Docket No. 23) is granted.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[3] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.